ALLEN R. McDONALD *vs.* JOHN D. GILLETT & another,

and CHARLES D. LATHAM, trustee.

Cumberland. Opinion March 15, 1879.

*Trustee. Servant. Service.*

A delivered to L, (his alleged trustee,) a steer, with directions to have it killed and disposed of to the best advantage; L thereupon killed it, and delivered the carcass to a butcher to dress and sell, who did so and credited the proceeds to L, before service of the trustee process, but paying over no money till after: *Held,* that the butcher was the servant of L, and the receipt by him of the proceeds of the steer, and crediting the same to L, prior to the service of the process upon him, rendered L chargeable as the trustee of A.

ON EXCEPTIONS.

ACTION OF ASSUMPSIT by Allen R. McDonald against John D. Gillett and Frank Allday, principal defendants, and Charles D. Latham, their alleged trustee. Writ is dated January 24, 1878, and was served January 29, 1878, upon the supposed trustee, and subsequently in February upon the defendants, and was returnable before the justice of the superior court for Cumberland county. Allday filed allegations claiming the funds in the hands of the alleged trustee by virtue of an assignment from Gillett to him after service of the writ upon the trustee. The steer, and the funds arising therefrom, were the property of Gillett until the same were assigned to Allday, as aforesaid.

The deposition of Isaac A. Sweetsir was put in as follows :

" I, Isaac A. Sweetsir, on oath depose and say that I dressed and sold the steer which was shot, and is spoken of in this suit. I received the carcass from C. D. Latham, December 24, 1877. I did not know who owned it. I delivered Latham a round of beef out of this steer in December, 1877, worth about eight dollars. I commenced to sell the steer December 26, 1877, and credited the beef to Latham as I sold it. I sold it all on the 26th and 27th of December, 1877. The steer was sold for $110.95. I charged $10 for my services, delivered the round of beef to Latham worth $8 as aforesaid, and February 16, 1878, settled with Latham for the steer ; on that day paid him check annexed $63,

money $7, and my bill against him was about $30. My bill against Latham was for beef sold him between December 26, 1877, and that time. My bill included that round of beef. Mr. Latham came to me and wanted me to pay him the money for Allday to make his defense with. Mr. Latham wanted me to dress the steer and do the best I could with it, and take out my pay for dressing and selling, and to account to them for the proceeds.   Isaac A. Sweetsir. "

The following disclosure was made by the trustee:

" I know Frank Allday of London, England, one of the principal defendants in this cause; first got acquainted with him some time in December, 1877. He came to see me about yarding some cattle. One steer of the steers was killed. Had conversation with Allday about the dead steer. Allday says to me, 'you take this steer, have him killed, and dispose of him the best that you can.' I hired a man to haul the steer down to Mr. Sweetsir's shop. Sweetsir was a butcher. I told him to take the steer, sell him, and pay me the proceeds. Sweetsir paid me between eighty and ninety dollars; paid for carting, out of that sum. After the expenses were paid, there was about $50 due Allday. Paid Sweetsir about $11 and $3.50 for carting, all of which came out of the gross amount received by me, to wit: $80 or $90.

" Don't recollect that Allday stated that he was acting for himself or not. Allday said after the steer was killed, that Crogan had nothing to do with the cattle at all, Crogan was simply a hired man. Before Allday sailed for England, don't recollect that he told me who the cattle belonged to, but since his return he has told me they belonged to Gillet. Have no claim against Gillet or Allday, except for services in this matter of killing that steer. I got none of the money from Sweetsir until after the service of the writ upon me. Has paid it at different times since, some in money and some in beef.

" Mr. Sweetsir can give day and date of the proceeds of the steer paid for me.   Charles D. Latham."

Thereupon the justice of the said superior court ruled as follows:

" I am of the opinion (not intending, however, any finding of

fact in that respect), that Sweetsir should be regarded as the servant of Latham, the alleged trustee, and that the receipt of the proceeds of the steer by Sweetsir prior to the service of the trustee writ, and crediting the same by Sweetsir to Latham on account prior to that date, renders Latham chargeable as trustee in the action ; and I rule that the alleged trustee is to be charged in the sum of $97.45."

The defendant, Allday, alleged exceptions.

*W. W. Thomas, Jr., & G. E. Bird,* for the plaintiff.

*N. Webb & T. H. Haskell,* for the defendant, Allday.

WALTON, J.   The court is of the opinion that, upon the facts stated in the disclosure of the trustee (Latham), and proved by the deposition of Sweetsir, the latter must be regarded as the servant of the former, and that the money in Sweetsir's possession must be regarded as constructively in Latham's possession, and that Latham was properly charged as trustee, and for the correct amount.   *Ward* v. *Lamson,* 6 Pick. 358.

*Exceptions overruled.*
*Trustee charged for* $97.45.

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.